# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN  DIVISION

RODERICK NUNLEY,          )
                                 )

Petitioner,                  )
                                 )

vs.                            )       Case No. 99-8001-CV-W-FJG
                                 )

MICHAEL BOWERSOX,,       )
                                 )

Defendant.                 )

## ORDER

     Currently pending before the Court is Petitioner's Supplemental Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 49) and his Application for a Stay of Execution Pending Disposition of Supplemental Petition for Writ of Habeas Corpus (Doc. # 50).

## I.  STANDARD

     Nunley initially pled guilty to the kidnaping, rape and murder of Ann Harrison.  He did initially waive his right to be sentenced by a jury and was sentenced to death by Judge Randall on May 3, 1991. On August 12, 1991, Nunley filed a pro se motion to vacate the Court's judgment.  Judge Randall recused himself when he learned that Nunley intended to file an amended Rule 24.035 motion alleging that he had been drinking at a downtown bar on the day that he sentenced Nunley to death.  After the amended motion was filed, the presiding Judge of the Jackson County Circuit Court signed an order recusing all judges of the Sixteenth Judicial Circuit.  The Missouri Supreme Court then appointed Judge Robert J. Dierker, Jr. of the 22nd Judicial Circuit to

hear Nunley's postconviction motion. Judge Dierker conducted a hearing and found that Judge Randall had consumed an alcoholic beverage over the lunch hour prior to the formal sentencing hearings. However, the court nevertheless denied Nunley's request for relief. Nunley then appealed both his original conviction and the denial of his post-conviction motion to the Missouri Supreme Court. On June 23, 1993, the Missouri Supreme Court issued a one sentence order which read: "Judgment vacated. Cause remanded for new penalty hearing, imposition of sentence, and entry of new judgment." After the case was remanded, new counsel was appointed who filed a Motion to Withdraw Nunley's guilty plea. The case was assigned to Judge O'Malley who held an evidentiary hearing on January 26, 1994 on the motion. O'Malley denied Nunley's motion to withdraw from the bench. Nunley filed a motion to reconsider and alternatively asked the court to allow a jury to sentence him pursuant to Mo.Rev.Stat. § 565.035.5(3). On March 30, 1994, Nunley filed a Notice of Petition for Writ of Prohibition and/or Mandamus seeking to prohibit O'Malley from proceeding with the scheduled sentencing hearing. The next day Jackson County Presiding Judge Lee B. Wells held a meeting with Nunley's counsel and Judge O'Malley to discuss whether Judge O'Malley had jurisdiction to hear the case due to Judge Mason's October 28, 1991, Order recusing all judges of the Sixteenth Judicial Circuit and the subsequent order appointing Judge Dierker. Judge Wells and Judge O'Malley telephoned Justice Robertson who stated that although he could not speak for the entire court believed that the prior order disqualified the entire Jackson County Circuit bench and that the Court should reassign the case to Judge Dierker. Nunley's counsel opposed this suggestion

2

arguing that Judge Dierker had already made a finding as to the propriety of the death

penalty. The next day, Nunley's counsel received a letter from Judge Webber stating

that he had been assigned to hear Nunley's case. When Nunley and his counsel

appeared at the hearing scheduled by Judge Webber, Judge O'Malley walked in and

took the bench and stated that he did not believe that he should step down from the

case and that he would ask the Missouri Supreme Court to vacate its order appointing

Judge Webber. Nunley then formally asked Judge O'Malley to recuse himself, which

was denied. One week later Judge O'Malley began the sentencing hearing. During the

hearing Nunley had the opportunity to call expert witnesses and also to put on evidence

regarding racial discrimination on the part of the Prosecutor's office. On May 10, 1994,

Judge O'Malley rejected all of Nunley's arguments and sentenced him to death. On

July 13, 1994, Nunley filed his second pro se Rule 23.035 motion which was assigned

to Jackson County Circuit Court Judge Justine Del Muro. However, she recused herself

and transferred the case to the presiding judge for reassignment. That same day,

Judge Wells transferred the case to Judge O'Malley. The Public Defender's office was

assigned to represent Nunley. On February 14, 1995 Judge O'Malley held an

evidentiary hearing and accepted all of the evidence that Nunley had previously

introduced. On March 14, 1995, Judge O'Malley denied Nunley's motion. Of the thirty-

one points raised by Nunley, Judge O'Malley denied twelve of those points on the

merits and denied the remaining nineteen points based on collateral estoppel. The

Missouri Supreme Court reversed in part and remanded in part, directing the

postconviction court to make findings on those claims it found barred by collateral

estoppel. On remand the postconviction court issued further findings of fact and

3

conclusions of law denying all claims. A third appeal was filed and the Missouri

Supreme Court affirmed Nunley's conviction and sentence.

Petitioner originally filed a petition for a writ of habeas corpus challenging his

state conviction for first-degree murder, and his death sentence on April 28, 2000. On

June 5, 2003, this Court issued an order denying habeas relief. On December 4, 2003,

this Court issued a Certificate of Appealability on the issue of whether, under Ring v.

Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), petitioner was entitled

to have a jury determine the facts necessary for the imposition of his death sentence.

On June 17, 2003, the Missouri Supreme Court issued a decision finding Ring to be

retroactive to cases on collateral review, State v. Whitfield, 107 S.W.3d 253, 265-69

(Mo. banc 2003). On January 14, 2005, the Eighth Circuit denied petitioner's appeal,

finding that "Nunley has chosen the wrong forum in which to seek those 'greater

protections.' The issue he raises should, in this case, be addressed in the first instance

-if at all- by a state court. See 28 U.S.C. § 2254(b). Under federal law, which we are

bound to follow, Ring is not retroactive on collateral review." Petitioner then filed a

petition for certiorari with the United States Supreme Court. The petition was denied on

October 13, 2005.

## I. STANDARD

Section 2254 has been amended by the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA"). Pub.L.No. 104-132 (April 24, 1996).
Under AEDPA, a federal court must defer to a state court's resolution of a
petitioner's fact-dependent claims unless it is shown that the state court's
decision "was contrary to, or involved an unreasonable application of,
clearly established federal law" or "was based on an unreasonable
determination of the facts in light of the evidence presented in the State
court proceeding." § 2254(d)(1),(2). A state court decision is "contrary to

4

clearly established federal law" if it significantly misstates an applicable rule from a Supreme Court case or reaches a conclusion different than the Supreme Court in a case involving materially identical facts. Williams v. Taylor, 120 S.Ct. 1495, 1519-20 (2000)(O'Connor, J. concurring). A state court decision is an "unreasonable application of clearly established federal law" if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 1520. The reasonableness of a decision is to be judged by an objective standard, rather than by reference to a hypothetical reasonable jurist. Id. at 1521 (overruling Drinkard v. Johnson, 97 F.3d 751, 769 (1996), cert. denied, 520 U.S. 1107 (1997)).

Arnold v. Dormire, No. 10-04107-CV-C-NKL, 2010 WL 4008126, *3 (W.D.Mo. Oct. 12, 2010).

### III. DISCUSSION

On September 30, 2010, petitioner filed a motion to recall the mandate in the Missouri Supreme Court ruling arguing that he was entitled to have his death sentence set aside because under Missouri law, Ring is retroactive to cases on collateral review and in his case a judge found the facts which rendered him eligible for the death penalty. The Missouri Supreme Court overruled the Motion to Recall the Mandate in a one sentence order on October 12, 2010, stating, "[a]ppellant's motion to recall the mandate having been considered on the merits, said motion is overruled. Appellant's motion to stay execution overruled as moot." Petitioner argues that this is not a second or successive habeas claim because his claim just became ripe for review and he could not have raised it before. He states that he is raising a claim based on Hicks v. Oklahoma, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980) alleging that he has a state created liberty interest under Whitfield to have a jury determine the facts necessary for the imposition of the death penalty. Nunley argues that given the state of the law in Missouri - that Ring requires juries to determine the facts necessary to

5

impose the death penalty and that this ruling is retroactive, the Missouri Supreme Court's denial of the Motion to Recall the Mandate is legally incorrect.

The State argues that in Whitfield, the Missouri Supreme Court held that the retroactive application of Ring would only apply to cases in which the jury was unable to reach a verdict and the judge made the required factual determinations necessary and imposed the death penalty. The State argues that Ring is not violated where a defendant like Nunley, waives his right to be sentenced by a jury. Thus, the State argues that there is no conflict between the Missouri's Supreme Court's denial of petitioner's Motion to Recall the Mandate and the Whitfield and Ring decisions.

The State also argues that this supplemental habeas petition is a second or successive petition and should also be denied because of petitioner's extreme delay in raising this issue. The State argues that he could have filed a motion to recall the mandate back in 2005 when the Eighth Circuit denied his motion and directed him to first file the claim in state court, but instead he waited until September 30, 2010.

After reviewing the issues raised in the Supplemental Habeas Petition, the State's Response and Petitioner's Reply, the Court finds that there is an issue which requires further development: If the right to have a jury determine his punishment did not exist when petitioner was originally sentenced to death, but this right was subsequently established by Ring and found to be retroactive by the Missouri Supreme Court in Whitfield, is petitioner's waiver still valid?

In State v. Nunley, 923 S.W.2d 911, 923 (Mo.banc. 1996), cert. denied, 519 U.S. 1094 (1997), the Missouri Supreme Court noted that "[e]xcept by agreement by the

6

State and the court, a defendant who pleads guilty is not permitted to a trial by jury on the issue of punishment."  The Court also stated that "[t]here is no constitutional right to have a jury assess punishment" and noted that the defendant testified at the plea hearing that he knew he was waiving any right he had to be sentenced by a jury and knew that the Court would be sentencing him.  Id.  In 2002, the Supreme Court decided Ring which held that "if a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact-no matter how the State labels it-must be found by a jury beyond a reasonable doubt."  Ring, 536 U.S. 584, 602, 122 S.Ct. 2428,2440 (2002).  In 2003, the Missouri Supreme Court determined in Whitfield, that Ring was retroactive.  Some courts have found that the Ring analysis is inapplicable when a defendant waives his right to jury sentencing.  See State v. Piper, 709 N.W.2d 783 (S.D. 2006), Colwell v. State, 118 Nev. 807, 59 P.3d 463 (Nev.2002), cert. denied, 540 U.S. 981 (2003), Moore v. State, 771 N.E.2d 46 (Ind. 2002), cert. denied, 538 U.S. 1014 (2003).  However, other jurists have disagreed with this holding. In State v. Piper, the dissent noted that defendants who pled guilty have no right to have a jury determine their punishment.  The Court noted that "the waiver of a substantive right presupposes the existence of the right in the first place.  The language of the statute expressly limits the fact-finding role to the judge in non-jury cases . . . the judge. . .had no authority to offer jury sentencing once [the defendants] pleaded guilty."  Id. at 821. Thus, the Court concluded that "under these circumstance, the aggravating factors had to be admitted by the defendant or found by a jury, not the judge, and the penalty of death was unconstitutionally imposed."  Id. at 822.  Similarly, in Colorado v. Montour, 157 P.3d 489 (Colo. banc 2007), the Colorado Supreme Court held Colorado's death

7

penalty statute could not deprive the defendant of his Sixth Amendment jury trial right on the facts essential to the death penalty eligibility determination when a defendant pleads guilty. In that case, the defendant pled guilty and the plea automatically waived his right to have a jury determine his sentence. The Court found that the statute unconstitutionally linked the waiver of the defendant's jury sentencing right to his guilty plea. Id. at 491. The Court stated "[o]nce a capital defendant enters a guilty plea, he retains the Sixth Amendment right to jury sentencing on the facts essential to the determination of death eligibility. A court must procure the appropriate waiver after a guilty plea or finding of guilt before judicial fact-finding in sentencing is permissible." Id. at 498.

In the instant case, there is no question that under Missouri law as it existed at the time, petitioner did not have a right to have a jury determine his sentence after he pled guilty. However, the question that remains is whether the retroactive application of Ring to cases in Missouri, granted petitioner a right which did not exist before.

Without further analysis of this issue or an explanation as to why the Missouri Supreme Court denied petitioner's Motion to Recall the Mandate, this Court is unable to say whether the Missouri Supreme Court's October 12, 2010, decision is an *"an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."* The Court finds that petitioner is entitled to a stay of his scheduled execution pending the disposition of this issue by the Missouri Supreme Court.

**IV. CONCLUSION**

Accordingly, for the reasons stated above, the Court hereby **GRANTS**

Petitioner's Application for a Stay of Execution Pending Disposition of Supplemental

Petition for Writ of Habeas Corpus (Doc. # 50) and finds that Petitioner's Supplemental

Petition for a Writ of Habeas Corpus is not ripe for review.


Date: October 18, 2010        **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri            Fernando J. Gaitan, Jr.
                                      Chief United States District Judge

Case 4:99-cv-08001-FJG   Document 54   Filed 10/18/10   Page 9 of 9