# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| RODERICK NUNLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 99-8001-CV-DGK |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This case arises from Petitioner Roderick Nunley's death sentence following his guilty plea for the rape and murder of Ann Harrison. The Honorable Fernando Gaitan denied Petitioner's original habeas corpus petition (Doc. 26), his supplemental petition for habeas corpus relief (Doc. 81), and his motion to alter the denial of the supplemental petition (Doc. 86). The latter two decisions are currently pending before the Eighth Circuit.

Now before the Court is Respondent Michael Bowersox's Motion to Vacate Stay of Execution (Doc. 90). For the reasons articulated below, the Court holds that it lacks jurisdiction to rule upon Respondent's motion.

**Procedural Background**

Petitioner Roderick Nunley was sentenced to death after he pled guilty to the rape and murder of Ann Harrison. Following exhaustion of his state court remedies, Nunley filed a petition for habeas corpus relief in this district on April 28, 2000. Judge Gaitan denied Nunley's petition on June 5, 2003 (Doc. 26), and the Eighth Circuit affirmed this decision on March 10, 2005 (Doc. 38). Several years later, the State of Missouri scheduled Nunley's execution for October 20, 2010. Shortly thereafter, Nunley filed a Supplemental Petition for a Writ of Habeas Corpus (Doc. 49) based upon whether the Supreme Court's decision in *Ring v. Arizona*, 536 U.S.

584 (2002) retroactively applied to his case. In conjunction with this filing, Nunley also requested the district court stay his execution pending the disposition of his supplemental petition (Doc. 50). On October 18, 2010, Judge Gaitan granted Nunley's motion to stay and withheld ruling on his supplemental petition until after the Missouri Supreme Court clarified an earlier decision concerning the retroactivity of *Ring* under Missouri state law (Doc. 54).

After the Missouri Supreme Court clarified its earlier decision, the parties provided the district court with additional briefing on the issues raised in Nunley's supplemental petition. On April 18, 2013, Judge Gaitan denied Nunley's supplemental petition (Doc. 81), and on November 6, 2013, Judge Gaitan denied Nunley's motion to alter this judgment and his application for a certificate of appealability (Doc. 86). Neither order explicitly discussed the stay imposed in the district court's prior order (Doc. 54). On December 5, 2013, Nunley filed a timely appeal of the district court's denial of his certificate of appealability, supplemental petition, and motion to alter that judgment (Doc. 87).

On January 14, 2014, Respondent Michael Bowersox requested the district court vacate the stay of execution (Doc. 90) imposed in its earlier decision (Doc. 54). The case was transferred to the undersigned on February 11, 2014, and Respondent's motion is now ripe for review.

## Discussion

Respondent contends that this Court should vacate the previously imposed stay. Respondent argues that Judge Gaitan's denials of Nunley's supplemental petition and his motion to alter that judgment demonstrate that a stay is no longer warranted in this case. Nunley does not contest this argument; rather, he counters that the notice of appeal filed following Judge Gaitan's orders divested this Court of its jurisdiction to vacate the stay.

2

The Court finds that it lacks jurisdiction to vacate the stay. As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control of those aspects of the case involved in appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The purpose of this rule is to: (1) prevent the district court from wasting judicial resources in considering issues that may be mooted by the appeal; (2) save the parties from needlessly fighting a two-front battle; and (3) avoid unnecessary friction between the district and appellate courts. *U.S. v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989); *see Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

In some limited circumstances, however, the district court may dispose of ancillary motions while other issues from the same case are pending before the court of appeals. *Hunter*, 362 F.3d at 475 ("Our case law, however, permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court, and a separate appeal may thereafter be taken to challenge the denial."); *Gundaker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) ("[B]ecause the issue of sanctions was not before this court at the time Gundacker originally appealed, the district court properly decided whether sanctions were appropriate."); *Liddell by Liddell v. Bd. of Educ. of City of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996) ("[A]n exception from the general rule of jurisdictional divestiture is appropriate 'in the kinds of cases where the court supervises a continuing course of conduct….'"); *Harmon v. U.S. Through Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir. 1996) ("But where the issue of attorney fees is not before the court of appeals, as it was not in this case on the basis of the government's notice of appeal, the district court may consider it.").

Citing the cases involving the divestiture exceptions, Respondent contends this Court maintains jurisdiction to vacate the stay because the order granting the stay (Doc. 54) is not

before the Eighth Circuit. Respondent asserts that the stay order is merely a collateral issue that is not implicated in Nunley's appeal. This argument is unavailing.

Here, the stay order is an aspect of the issues on appeal. On July 18, 2010, the district court granted Nunley a stay of execution pending the disposition of his supplemental petition.[1] Currently, the district court's orders denying Nunley's supplemental petition are on appeal before the Eighth Circuit. Thus, the final disposition of his petition depends upon whether the Eighth Circuit grants him a certificate of appealability, and, if it does, whether or not the Eighth Circuit affirms or reverses the district court's orders. Since the stay order explicitly references the final disposition of Nunley's petition, the Court finds that it is intimately intertwined with issues now before the Eighth Circuit—i.e., the final disposition of his supplemental petition. Moreover, Respondent has failed to articulate why his motion fits within one of the narrow exceptions to the divestiture rule. Accordingly, the Court holds it lacks jurisdiction to rule upon Respondent's motion.

Even assuming, *arguendo*, that the Court possessed jurisdiction to rule upon Respondent's motion, it would deny his request. Generally, states must wait until the conclusion of the federal collateral review process to set an inmate's execution date. *See Nooner v. Norris*, 491 F.3d 804, 809 (8th Cir. 2007) ("A death sentence cannot begin to be carried out by the State while substantial legal issues [concerning the conviction or sentence] remain outstanding….Upon *completion* of collateral review, however, the State is free to set an execution date….") (emphasis added) (internal quotation marks and citations omitted). Here,

---

[1] The duration of the stay is unclear from the record, and neither party provides any meaningful clarification. In his motion, Nunley requested the Court stay his execution pending the disposition of his supplemental petition for a writ of habeas corpus. *See* Doc. 50 at 1. Some language in the district court's order suggests that the stay dissolved when the Missouri Supreme Court provided further clarification of a prior order. *See* Doc. 54 at 8 ("The Court finds that petitioner is entitled to a stay of his scheduled execution pending the disposition of this issue by the Missouri Supreme Court."). However, the district court ultimately granted Nunley's motion in whole, not in part. This suggests that the district court granted Nunley his entire requested relief, which was a stay pending disposition of his supplemental petition.

Respondent's request is motivated by his desire to set Nunley's execution date. However, collateral review has yet to conclude, and, thus, it would be imprudent for the Court to vacate the stay. *See Smith v. Armontrout*, 825 F.2d 182, 184 (8th Cir. 1987) ("Sentences of death should ordinarily be stayed until after federal collateral review has been completed."). This is especially true in light of Respondent's ability to petition the Eighth Circuit to vacate the stay in conjunction with the current appeal. *See Guinan v. Delo*, 5 F.3d 313, 319 (8th Cir. 1993) (vacating a stay instituted in the district court after concluding that the district court properly denied the petitioner's habeas petition).

## Conclusion

For the foregoing reasons, the Court lacks jurisdiction to rule upon Respondent's motion.

**IT IS SO ORDERED.**

Date:  March 12, 2014          /s/ Greg Kays
                               GREG KAYS, CHIEF JUDGE
                               UNITED STATES DISTRICT COURT